**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Daniel Childs</u>

    v.                                                    Civil No. 05-cv-436-JD

<u>Hillsborough County</u>
<u>Department of Corrections, et al.</u>

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Daniel Childs, an inmate at the Strafford County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that defendants have abridged his First and Fourteenth Amendment rights by subjecting him to unconstitutional pretrial lock-downs, restricting him from recreation areas because of his medical condition and denying him meaningful access to the courts (document no. 1). Seeking prospective injunctive relief, he brings this action against the Hillsborough County Department of Corrections ("HCDOC") and three HCDOC employees: John Doe, Warden; Captain M. Cusson, Chief of Programs; and Captain John Doe, Chief of Security.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A; U.S.

District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated below, I recommend that the complaint be dismissed.

It is well established that an inmate's transfer to a different correctional facility moots his request for injunctive relief against employees of the transferor facility.  See Fuller v. Dillon, 236 F.3d 876, 882-83 (7th Cir. 2001)(request for injunctive relief rendered moot upon inmate's transfer); Wilson v. Yaklich, 148 F.3d 596, 601 (6th Cir. 1998)(same); Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996)(same); Cain v. Jones, No. 05 CV 3914 LAP MHD, 2006 WL 846722, at *2 (S.D.N.Y. March 30, 2006)(prisoner's transfer to a different correctional facility moots her request for injunctive relief against employees of transferor facility).

Here, Childs seeks prospective injunctive relief against the HCDOC, a facility where he is no longer incarcerated, and its employees.  In correspondence to this Court, he concedes that he was transferred from the HCDOC to the Strafford County Jail on November 21, 2005.  Thus, there is no indication that Childs suffers continuing harm or threat of repeated injury at the hands of the HCDOC or its officials and employees.  Because Childs is

currently incarcerated at the Strafford County Jail, I conclude that his request for injunctive relief against the HCDOC and its employees is moot. Accordingly, I recommend that the complaint be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint. If the plaintiff disagrees with the identification of the claims herein, he must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,

792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: May 2, 2006

cc:     Daniel Childs, *pro se*